IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN and SHERRIE ADAIR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-273-MAB |
| | ) |
| DUNCAN FINANCIAL MANAGEMENT, INC. and JEFFREY R. DUNCAN, | ) ) ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiffs Robin and Sherrie Adair filed this lawsuit in the Circuit Court of Madison County, Illinois on December 13, 2022, against Defendants Duncan Financial Management, Inc. and Jeffrey Duncan for violations of the Consumer Fraud and Deceptive Business Practices Act and breach of fiduciary duty (Doc. 1-1). Defendant Duncan Financial Management removed the case to federal court, with the consent of Defendant Jeffrey Duncan, based on complete diversity of the parties (Doc. 1). Following removal, Defendants filed a Motion to Stay and Compel Arbitration (Doc. 9), which is presently before the Court.

The Federal Arbitration Act ("FAA") "reflects both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract." *Gupta v. Morgan Stanley Smith Barney, LLC,* 934 F.3d 705, 710 (7th Cir. 2019) (quoting *AT&T Mobility LLC v. Concepcion*, 564 U.S. 333, 339 (2011)). Under the FAA, arbitration

agreements "'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 740 (7th Cir. 2010) (citing 9 U.S.C. § 2). A court should grant a motion to compel arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005).

In this lawsuit, Plaintiffs allege that they consulted with Defendants regarding long-term care, life insurance, and investment of retirement funds (Doc. 1-1, p. 4). Plaintiffs further allege that Defendants failed to follow their instructions for obtaining insurance policies on their behalf (*e.g.*, a policy that contains a long-term care rider and that would be paid-up and self-sustaining within ten years) and then misled them about the terms, conditions, and features of the policies that had been procured (*Id.* at pp. 1, 5–8). As a result of Defendants' actions, Plaintiffs allege they spent over $150,000 on insurance premiums for life insurance policies that do not include long-term care benefits and are not self-sustaining, like they were led to believe, and those policies are now at risk of lapsing, which would cause Plaintiffs to lose the death benefits afforded by those policies (*Id.* at pp. 8, 9–10).

Plaintiffs further allege that they entrusted their retirement accounts to Defendants, and Defendants consistently gave them false information about the value of their investments (Doc. 1-1, pp. 2, 8). Defendants gave them "substantially inflated" figures rather than the true market value (*Id.*). As a result, Plaintiffs allege they have been left without sufficient assets to provide for them in retirement (*Id.* at pp. 8, 10).

In their motion to stay and compel arbitration, Defendants contend that Plaintiffs entered into a contract with Defendant Duncan Financial Management, Inc. titled, "Discretionary Investment Advisory Agreement" (Doc. 9, p. 1; *see also* Doc. 9-2). Under this Agreement, Defendants were appointed to review Plaintiffs' financial situation and to provide advice on the investment of their assets, to manage their assets, and to discharge investment-related responsibilities (Doc. 9, p. 1; Doc. 9-2, pp. 1–2). The Agreement contains an arbitration provision that states, "any controversy between the parties arising out of or relating to this Agreement shall be submitted to an arbitration panel" (Doc. 9-2, p. 6). Defendants argue that Plaintiffs' claims in this lawsuit are subject to the arbitration provision and must be submitted to arbitration panel rather than this Court (Doc. 9).

Plaintiffs did not file a response within their 14-day window for doing so. *See* SDIL-LR 7.1(c), (g). In fact, Plaintiffs did not file a response at any point in the two months since Defendants filed their motion. The Court construes Plaintiff's failure to respond as an admission of the merits of the motion. *See* SDIL-LR 7.1(g). The Court has no reason to believe the Agreement is not a valid contract binding on Plaintiffs. And by all appearances, the claims advanced by Plaintiffs in this lawsuit are squarely related to the financial and investment services Plaintiffs contracted for in the Agreement. The Court thus concludes that Plaintiffs' claims fall within the scope of and are subject to the arbitration provision set forth in the Agreement and must be submitted to arbitration. Having determined that Plaintiffs' claims are arbitrable, this case will be stayed in its

entirety during the pendency of arbitration proceedings. *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007) (citing 9 U.S.C. § 3).

## CONCLUSION

Defendants' Motion to Stay and Compel Arbitration (Doc. 9) is **GRANTED**. The parties shall proceed with arbitration. This suit is **STAYED** for the duration of the arbitration proceedings. The parties shall file a joint status report every six months, beginning from the date of this Order, advising the Court of the status of the arbitration proceedings. Once the arbitration proceedings conclude, the parties shall file a joint status report within 14 days advising the Court of such.

**IT IS SO ORDERED.**

**DATED: April 18, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**